**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SCOTT P. ROEDER,

                                  **Petitioner,**

            v.                              **CASE NO. 20-3275-SAC**

DAN SCHNURR,

                                  **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for an extension of time to allow him 60 days, rather than 30 days, to file a traverse. The Court will grant the request.

Also before the Court is petitioner's motion to amend the petition to add the claim that he was subjected to a "pattern of legal indifference for his rights." Petitioner states that he presented this claim in the Kansas Court of Appeals in a pro se brief filed in his post-conviction action.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548

U.S. 81, 92 (2006).

The federal courts "do not review issues that have been defaulted on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). *See also Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012) ("When a state court dismisses a federal claim on the basis of noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them.").

Petitioner states that he presented the claim he seeks to add by including it in a pro se brief submitted in his appeal from the denial of post-conviction relief. In that case, however, the Kansas Court of Appeals declined to consider several claims due to the failure to brief them on appeal and due to the fact that one claim was presented for the first time on appeal. *Roeder v. State*, 444 P.3d 379 (Table), 2019 WL 3242198, at *2 (Kan. Ct. App. July 19, 2019), *rev. denied*, Dec. 18, 2019 ("Although Roeder raised more than five issues in the K.S.A. 2018 Supp. 60-1507 motion he originally filed with the district court, he failed to brief some of those issues on appeal; thus, we deem them abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding issues not adequately briefed are waived or abandoned). Roeder also raises a new issue for the

first time on appeal. As a general rule, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).").

Because the claim petitioner seeks to add to his petition was not considered by the Kansas Court of Appeals, he may proceed only if he shows cause and prejudice or a fundamental miscarriage of justice. To demonstrate cause, he must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) If a petitioner fails to demonstrate "cause," a court need not consider whether he can establish the requisite prejudice. *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

If petitioner is unable to show cause and prejudice, he must show that habeas corpus review is needed to avoid "a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Accordingly, the Court will direct petitioner to support his request to amend the petition by showing either cause and prejudice for his default, or to show that review of this claim is required to avoid a fundamental miscarriage of justice. If petitioner fails to make this showing, or to file a timely response, the motion to amend will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for an extension of time (Doc. 3) is granted, and the time for filing a traverse is extended to 60 days.

IT IS FURTHER ORDERED petitioner is granted to and including **December 11, 2020,** to show cause why his defaulted claim should be considered by the Court.

**IT IS SO ORDERED.**

DATED:  This 20th day of November, 2020, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge