**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SCOTT P. ROEDER,**

                      **Petitioner,**

        **v.**                                              **CASE NO. 20-3275-SAC**

**DAN SCHNURR, et al.,**

                      **Respondent.**

**ORDER**

This matter is before the court on petitioner's motion for reconsideration (Doc. 11) of the court's order denying petitioner's motion to supplement the petition and emergency motion for stay of execution(Doc. 10).

In his motion to supplement, petitioner sought to add a claim that he is the "victim of a pattern of legal indifference for his rights." Although petitioner previously raised this claim to the state district court, the Kansas Court of Appeals declined to address it on appeal because petitioner had failed to brief it. See *Roeder v. State*, 444 P.3d 379, 2019 WL 3242198, at *1-2 (2019) (unpublished opinion). Thus, the claim appeared defaulted and this court directed the petitioner to show cause and prejudice for the default or show that review of the claim is required to avoid a fundamental miscarriage of justice (Doc. 5). After considering petitioner's response, the court denied the motion to supplement and emergency motion for stay of execution.

In the present motion for reconsideration, petitioner asks the court to reconsider those denials. (Doc. 11). As an initial point,

the court notes that contrary to petitioner's assertion, Kansas state courts apply to collateral review appeals the procedural rule that a party waives review of an issue by failing to brief it. See *Requena v. State*, 310 Kan. 105, 107 (2019). Petitioner's alternative arguments fail as well.

Petitioner asserts that the Kansas Court of Appeals caused his default when it denied his motion to file a pro se supplemental reply brief, thus preventing him from briefing the issue. Since reply briefs in Kansas state court may not raise new issues, however, no reply brief could have cured petitioner's failure to initially brief his claim. See *State v. McCullough*, 293 Kan. 970, 984 (2012) ("An appellant may not raise new issues in a reply brief."). Petitioner also argues that his appointed counsel's incompetence in the state proceedings caused the procedural default, citing *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* holds that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Because the defaulted claim here is not based on the ineffective assistance of trial counsel, *Martinez* does not apply.

In addition, when relying on ineffective assistance of counsel to excuse procedural default of a claim, "the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As an independent constitutional claim, that ineffective assistance of counsel "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" 529 U.S. at 452. Because petitioner has not presented to

the state courts his claim that collateral-review counsel provided ineffective assistance, he may not use it here as cause for default.

If a petitioner cannot show cause and prejudice to excuse a default, he must show that a fundamental miscarriage of justice will occur absent habeas corpus review. Petitioner asks this court to reconsider whether he did made that showing, suggesting that the court "overlooked" his manifest injustice argument. The court considered petitioner's argument on this point before issuing its December 23, 2020 order and it sees no reason to reconsider its conclusion.

Finally, petitioner asks the court to reconsider his emergency motion for stay of execution, arguing that because his request is meritorious, he may bring it within this habeas corpus action. The cases petitioner provide to support his contention are inapplicable; they concern individuals under sentence of death as a result of criminal proceedings and the "unborn and partially born individuals" implicated in petitioner's emergency motion for stay of execution are not facing a criminal death sentence.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to reconsider (Doc. 11) is denied.

**IT IS SO ORDERED.**

DATED: This 13th day of May, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge