**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SCOTT P. ROEDER,**

                    **Petitioner,**

      **v.**                                  **CASE NO. 20-3275-SAC**

**DAN SCHNURR, et al.,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

     Petitioner filed his petition for writ of habeas corpus on November 4, 2020 (Doc. 1). On November 19, 2020, he filed a motion to supplement the petition (Doc. 4) and on December 7, 2020, he filed an emergency motion for stay of execution (Doc. 8). The court denied both motions in an order dated December 23, 2020, and petitioner filed a motion for reconsideration of the denial on January 5, 2021 (Docs. 10, 11). The court denied the motion for reconsideration in an order dated May 13, 2021 (Doc. 21). This matter is now before the court on petitioner's motion for reconsideration of the order denying his prior motion for reconsideration (Doc. 22).

     Local Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). In his current motion for reconsideration, petitioner argues that the court's reasoning and ruling in denying his prior motion for reconsideration

was "plain error."

In the order denying petitioner's earlier motion to reconsider, the court rejected petitioner's argument that the Kansas Court of Appeals (KCOA) caused the procedural default when it "impeded his effort to brief his claim by refusing to file upon timely motion a Pro Se Supplemental Reply Brief of Appellant." (Doc. 11, p. 2; Doc. 21, p. 2.) Noting that *State v. McCullough*, 293 Kan. 970 (2012), holds that "[a]n appellant may not raise new issues in a reply brief," the court reasoned that "no reply brief could have cured petitioner's failure to initially brief his claim." (Doc. 21, p. 2.) Petitioner now asserts that he raised the issue in his initial brief to the KCOA and merely wished to add to that briefing in a reply brief, so *McCullough* is inapplicable. (Doc. 22, p. 2.)

But Kansas courts are not required to consider arguments not raised until a reply brief, even if a broader issue has been raised. See *Thoroughbred Associates, L.L.C. v. Kansas City Royalty Co., L.L.C.*, 58 Kan. App. 2d 306, 326 (2020) (citing *Scribner v. U.S.D. No. 492*, 308 Kan. 254, 266, (2018), *rev. denied* Nov. 24, 2020. Thus, petitioner could not have made new arguments in a reply brief that were not included in his initial brief. The KCOA's denial of petitioner's request to file a pro se supplemental reply brief did not constitute a factor external to the defense that excuses the procedural default.

Petitioner also appears to argue that since the KCOA exercised de novo review over the denial of his K.S.A. 60-1507 motion, it "assume[d] the district court's responsibilities" and could not disregard issues inadequately briefed on appeal. (Doc. 22, p. 2.) Petitioner provides no legal authority in support of this contention

other than the plain language of K.S.A. 60-1507(b), and Kansas caselaw contradicts petitioner's interpretation. See *Louis v. State*, 2013 WL 5870165, at *3 (Kan. Ct. App. 2013) (exercising de novo review in an appeal from the denial of a K.S.A. 60-1507 motion and noting that "an issue inadequately briefed on appeal [is] deemed abandoned"), *rev. denied* Aug. 14, 2014; *Love v. State*, 2003 WL 22119223, at *3 (Kan. Ct. App. 2003) (holding in an appeal from the denial of a K.S.A. 60-1507 motion that "[i]ssues not raised before the trial court cannot be raised on appeal"), *rev. denied* Dec. 23, 2003.

Next, petitioner contends that the court was incorrect when it asserted that he had not presented to the state courts his claim that collateral-review counsel provided ineffective assistance. (Doc. 22, p. 2.) Petitioner asserts that he raised this issue in a motion for rehearing filed with the KCOA and he suggests that an evidentiary hearing is needed to prove he raised the claim both in his motion for rehearing and his pro se supplemental reply brief. *Id.* Unfortunately, like a reply brief, "a motion to reconsider is not a place to raise new issues or obtain a second chance to present a stronger case." *State v. Briggs*, 2018 WL 3995795, at *4 (Kan. Ct. App. 2018) (Arnold-Burger, C.J., concurring), *rev. denied*, Dec. 6. 2019). Moreover, to the extent that petitioner relies upon his collateral-review counsel's failure to fully brief all the claims he desired, the KCOA has rejected the argument that inadequate briefing is per se ineffective assistance of counsel. See *Rojas v. State*, 2016 WL 765414, at *2 (Kan. Ct. App. 2016), *rev. denied*, April 17, 2017.

Finally, petitioner reiterates his argument that "unborn and partially unborn individuals" are in fact facing a criminal death sentence. (Doc. 22, p. 3.) He has not, however, asserted sufficient grounds for this court to reconsider its previous order on this point. See D. Kan. Rule 7.3(b).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to reconsider (Doc. 22) is denied.

**IT IS SO ORDERED.**

DATED:  This 4th day of June, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge