IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT P. ROEDER,

    Petitioner,

  v.           CASE NO. 20-3275-SAC

DAN SCHNURR, et al.,

    Respondent.

**MEMORANDUM AND ORDER**

  This matter comes before the Court on Petitioner's request for clarification of the Court's June 4, 2021, Memorandum and Order (MO). (Doc. 26.) Petitioner seeks clarification of the Court's citation in the MO to *Louis v. State*, 2013 WL 5870165 (Kan. Ct. App. 2013). (Doc. 26, p. 1.) Petitioner also seeks clarification of "why [his] citation of the Fifth Amendment was insufficient to arouse a sense of plain error within the meaning of D. Kan. Rule 7.3(b)." *Id.* at 3. By this, he appears to request reconsideration of his "emergency motion for stay of execution," (Doc. 8).

  With respect to Petitioner's emergency motion for stay of execution (Doc. 8), the Court denied that motion on December 23, 2020. (Doc. 10.) It considered Petitioner's subsequent motion for reconsideration of the denial (Doc. 11) and denied that motion on May 13, 2021. (Doc. 21.) It then considered Petitioner's subsequent motion for reconsideration of the denial of his first motion for reconsideration (Doc. 22) and denied that motion on June 4, 2021. (Doc. 23.) The Court has reviewed its prior rulings on this motion, finds that no further clarification is necessary, and declines to

revisit this issue for a fourth time.

The Court will, however, grant Petitioner's request for clarification of the MO with respect to the citation of *Louis*. In the MO, the Court stated:

> "Petitioner also appears to argue that since the KCOA exercised de novo review over the denial of his K.S.A. 60-1507 motion, it 'assume[d] the district court's responsibilities' and could not disregard issues inadequately briefed on appeal. (Doc. 22, p. 2.) Petitioner provides no legal authority in support of this contention other than the plain language of K.S.A. 60-1507(b), and Kansas caselaw contradicts [P]etitioner's interpretation. See *Louis v. State*, 2013 WL 5870165, at *3 (Kan. Ct. App. 2013) (exercising de novo review in an appeal from the denial of a K.S.A. 60-1507 motion and noting that 'an issue inadequately briefed on appeal [is] deemed abandoned"), *rev. denied* Aug. 14, 2014." (Doc. 23, p. 2-3.)

Petitioner believes that by this language, the Court "suggest[ed] that *Louis* 'contradicts' the plain language of K.S.A. 60-1507." (Doc. 26, p. 2.) To clarify, the Court concluded that *Louis* contradicts *Petitioner's understanding* of the applicable law; the Court did not conclude that *Louis* contradicts the plain language of K.S.A. 60-1507. As Petitioner points out in his request for clarification (Doc. 26, p. 2), the KCOA in *Louis* exercised "an abundance of deference to Louis" and "look[ed] at the particular issues he asserted in the 60-1507 motion in the district court, although they are not individually argued in detail on appeal." See 2013 WL 5870165, at *3. In his own words,

> "Petitioner complains that the [KCOA] did not apply to his appeal the 'abundance of deference' constituting 'careful review' as observed in *Louis* and as required by K.S.A. 60-1507(b), given that the KCOA failed to look at the particular issues he asserted in his K.S.A. 60-1507

motion in the district court irrespective of whether they were argued in detail on appeal." (Doc. 26, p. 2.)

To clarify, the Court disagrees with Petitioner's belief that the KCOA, by exercising de novo review under K.S.A. 60-1507(b), was required to consider and address every issue Petitioner raised in his 60-1507 motion to the state district court, irrespective of whether Petitioner raised them on appeal. The KCOA may have done so in *Louis*, but it did so "[i]n an abundance of deference," not because it was required to do so. See 2013 WL 5870165, at *3. When an appellant makes arguments to a district court in the context of a 60-1507 motion but then limits his arguments in his appellate brief to the KCOA, the KCOA need not address all arguments made to the district court.

For example, in *Miller v. State*, 2012 WL 5373373, at *2 (Kan. Ct. App. 2012), *rev. denied* Sept. 4, 2013, Brandon Miller filed a 60-1507 motion in the district court in which he made multiple arguments. The district court summarily denied the motion. *Id.* On appeal, however, Miller chose not to raise all the issues he had raised in the district court. *Id.* at *2-3. The KCOA explained:

> "We focus on the specific claim being made by Miller. . . . To the extent that any broader claim was made in Miller's original motion, it has been waived by the filing of his appellate brief. See *Edgar*[ *v. State*, 294 Kan. 828, 844, 283 P.3d 152 (2012)] (noting that the defendant 'makes only a very limited argument' on appeal of the denial of his K.S.A. 60-1507 motion and addressing only the limited argument raised); *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007) (noting that failure to brief on appeal a topic mentioned in earlier motion before trial court to suppress evidence waived the issue on appeal)." *Miller*, 2012 WL 5373373, at *3.

By citing *Louis* in the MO, this Court intended to give an example of an instance in which the KCOA deemed waived and abandoned for inadequate briefing an issue that had been raised in the district court. Perhaps *Miller* is a clearer example, as it expressly explains that issues not briefed on appeal need not be reviewed, even if they were raised in the original 60-1507 motion. As applied to Petitioner's circumstances, Petitioner's failure to properly brief to the KCOA his argument that he was the victim of a pattern of legal indifference for his rights meant that the KCOA was not required to address that argument, even though Petitioner made the argument to the district court in the 60-1507 motion.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Petitioner's motion for clarification (Doc. 26) is **granted.** No further clarification will issue.

**IT IS SO ORDERED.**

DATED: This 9th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge