IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT P. ROEDER,

    Petitioner,

    v.

DAN SCHNURR,

    Respondent.

Case No. 20-3275-JAR

**NOTICE AND ORDER TO SHOW CAUSE**

Petitioner Scott P. Roeder submitted his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 4, 2020,[1] through the U.S. Mail. The envelope indicates that it was sent by him from the Hutchinson Correctional Facility ("HCF").[2] Under the Court's local rules and administrative procedures, prisoners incarcerated at a Kansas Department of Corrections facility, such as HCF, are required to submit all filings electronically, rather than by mail.[3] Notice was sent to Mr. Roeder stating that because he is incarcerated at a facility with mandatory electronic filing, he should follow instructions available at the facility for transmitting pleadings electronically to the Court.[4] Thereafter, Mr. Roeder properly submitted his filings for electronic filing[5] until his most recent filing—his Traverse.

On August 6, 2021, the Clerk received an email from an individual claiming that Mr. Roeder "asked [him] to transmit his attached 'Petitioner's Reply to State's Answer' to the Court

---

[1] Doc. 1.

[2] Doc. 1-2.

[3] *See* D. Kan. Rules 5.1, 5.4.2, 5.4.3, 5.4.12(c), 5.4.13; *Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means in Civil Cases*, Part I.B.

[4] *See* November 4, 2020 Docket Annotation.

[5] Docs. 3–4, 8–9, 11–12, 22, 26. Each of these documents includes the statement, "This motion was given to prison officials for electronic filing on [date]" before his signature block.

for filing," and signed the email "Mr. Eurica Californiaa," with an address in New York. This document appears to be signed by Mr. Roeder, and dated July 30, 2021. Because Mr. Roeder proceeds pro se (no attorney has entered an appearance on his behalf), and because the filing was not submitted electronically through the prison filing system, the Clerk declined to file the document, instructing Mr. Roeder and "Mr. Californiaa" that Mr. Roeder must follow instructions available at his facility for transmitting his pleadings to the Court.[6]

Almost one month later, on September 2, 2021, the Court received by U.S. Mail the same document that had been emailed on August 6. This time, attached to the document is an "Instruction to File," signed by Mr. Roeder on July 30, 2021, stating: "I, Scott P. Roeder, do hereby instruct Mr. Eurica Califorrniaa to file by Petitioner's Reply to Respondent's Answer with the United States District Court for the Kansas District."[7] The Clerk, at Chambers direction, declined to file this document for the same reasons it declined to file it on August 6, 2021—because Mr. Roeder is incarcerated at a facility with mandatory electronic filing and as a pro se litigant was required to use that means to submit his filings. Mr. Californiaa sent an email to the undersigned on Friday, September 3, 2021, contesting this decision, insisting that despite this Court's rules, the federal courts have a "history of practice" allowing third party "couriers," such as himself, to tender a civil litigant's filings to the Court. He challenges this Court's local rule requiring electronic filing as not allowing reasonable exceptions, in violation of Fed. R. Civ. P. 5(d)(3)(B)(ii). He claims that Mr. Roeder has "a medical condition which has impeded his ability to utilize the electronic filing system in place at his confinement facility."[8]

---

[6] *See* August 6, 2021 Docket Annotation.

[7] Doc. 33-1.

[8] *See* attachment.

As an initial matter, the Court notes that Mr. Roeder successfully filed on his own behalf through the facility's electronic filing procedures many times until this most recent filing. It defies logic that sending a pleading by mail to a third party in a different state, who would then submit the pleading to the Court by email or U.S. Mail, would be less cumbersome than submitting the pleading directly through the electronic filing system at the prison, without the need to expend funds on postage. Second, there is no indication of irregularities or deficiencies in the facility's system that would prohibit even someone with a medical condition from submitting filings. Indeed, there is a procedure in place that would have allowed Mr. Roeder to seek additional time to file if necessary. Finally, the Court is concerned by the purported "Instruction to File" document that was submitted with the second, but not the first, attempted filing.

Nonetheless, out of an abundance of caution, the Court has instructed the Clerk to file the Traverse on the docket, despite its concern about accepting a filing from an unrelated party who has neither appeared in this matter, nor is registered to file in the Court's electronic filing system. The Court issues this Notice to Mr. Roeder to show cause in writing why this document should not be stricken for failure to follow the Court's filing protocols. If Mr. Roeder submits a response through the prison's electronic filing system attesting that he indeed intended this document to be submitted on his behalf, the document will remain on the docket and considered timely filed. If Mr. Roeder either fails to respond personally, or states that he did not intend this document to be filed on his behalf, the Court will order the document stricken.

**IT IS THEREFORE ORDERED BY THE COURT** that by **September 30, 2021**, Petitioner Scott P. Roeder shall show cause in writing to the undersigned whether he intended for a third party to submit for filing the attached Traverse, filed on his behalf on September 2, 2021.

3

If Mr. Roeder either fails to respond personally, or states that he did not intend this document to be filed on his behalf, the Court will order the document stricken. His response to this Order to Show Cause must be submitted through his facility's electronic filing system.

**IT IS SO ORDERED.**

Dated: September 8, 2021

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE