IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT P. ROEDER,

Petitioner,

v.                                                                          Case No. 20-3275-JAR

DAN SCHNURR,

Respondent.

# ORDER

On August 5, 2022, this Court denied Petitioner Scott Roeder's Petition for a Writ of Habeas Corpus by a Person in State Custody, which sought federal habeas relief from a state conviction under 28 U.S.C. § 2254.[1] One of Petitioner's claims in the petition sought a "stay of execution" on behalf of "unborn and partially born individuals under sentence of death." The Court ruled that this request was procedurally barred and outside the scope of the federal habeas statute.[2] The Court denied a certificate of appealability on all issues raised in Petitioner's habeas petition, finding that Petitioner was unable to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that issues in the petition are "adequate to deserve encouragement to proceed further."[3]

Now before the Court is Petitioner's Emergency Motion Pending Appeal (Doc. 43), in which he asks the Court to "stay execution of sentence of death for unborn and partially born individuals pending appeal, scheduled daily in Kansas and throughout the United States."[4] In

---

[1] Doc. 37.

[2] *Id.* at 13–14.

[3] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

[4] Doc. 43 at 1.

order to obtain a stay pending appeal, Petitioner must show "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest."[5]

As the Court has repeatedly ruled, Petitioner's requests for stay of execution are not cognizable under 28 U.S.C. § 2254.  Thus, Petitioner cannot demonstrate that he is likely to succeed on appeal.  Indeed, this Court has denied him a certificate of appealability.  Because Petitioner cannot show he is likely to succeed on appeal on this issue, the Court denies Petitioner's motion for an emergency stay pending appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Emergency Motion Pending Appeal (Doc. 43) is **denied**.

**IT IS SO ORDERED.**

Dated: August 24, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5] *Spain v. Podrebarac*, 68 F.3d 1246, 1247 (10th Cir. 1995).